# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA

UNITED STATES OF AMERICA,
        Plaintiff,

v.

ANDREW LEIE YOUNG,
        Defendant.

Case No. CR18-5094 BHS -05

DETENTION ORDER

THE COURT, having conducted a detention hearing pursuant to 18 U.S.C. Sect. 3142, finds that no condition or combination of conditions which defendant can meet will reasonably assure the safety of any other person and the community. The Court considered the testimony and arguments presented at the hearing. The Court was mindful of Mr. Young's arguments that he has a close relationship with his teenage minor daughter, A.Y., and that he has many family members who love him and will support him if he is released. Dkt. 345 (Memorandum Regarding Conditional Release), Dkt. 345-1 (letters). The Pretrial Investigation Report prepared by U.S. Probation Officer Mark Okano, Dkt. 348 at 2, notes that Officer Okano visited Mr. Young's proposed residence. Mr. Young proposed that he would reside in a one-bedroom apartment and he proposed to reside there with his partner, Ms. Rosenberg (who leases the apartment), and with his daughter, A.Y.

The Court finds: The government met its burden of proving by clear and convincing evidence that the defendant presents a significant risk of danger to the community, and there are no condition or combination of conditions which defendant can meet that will reasonably assure the safety of any other person and the community. The Court determined, based on the defendant's history of repeated criminal conduct concerning weapons and controlled substances (controlled substances convictions in 2003, 2009, and 2010; unlawful weapons convictions in 2005, 2007, and 2012), and also because – for the current charges -- there were significant guns, ammunition, and illegal drugs found in Mr. Young's residence at the time of his arrest, that Mr. Young poses a significant risk of danger to others. Dkt. 348, Second Supplemental Pretrial Report, and Dkt. 351, Government's exhibits for detention hearing. Even with conditions by which the defendant's whereabouts could potentially be monitored, the Court finds that there are no conditions of release that would effectively mitigate Mr. Young's potential destructive behavior, such as acquiring and keeping controlled substances, firearms and ammunition in his residence; and his criminal record also shows that he has not demonstrated law abiding behavior in the community. All of this shows that his threat to the community continues and his behavior cannot be successfully controlled, even considering his ties to the community and the residence for pretrial release that the defendant proposed.

The Court weighed the defendant's evidence showing that he has family and friends who love and support him. The Court also weighed the defendant's circumstances that show he has made a positive impact on the lives of others, in keeping those friendships and family relationships intact. Yet the Court finds that Mr. Young has not overcome the presumption of detention that applies in this case.

**Presumptive Reasons/Unrebutted:** 18 U.S.C. § 3142(e)(3), Potential maximum sentence of 10+ years as prescribed in the Controlled Substances Act (21 U.S.C. Sect. 801 et seq.)

The defendant is charged with Conspiracy to Distribute Controlled Substances under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 841(b)(1)(A); Possession of a Controlled Substance with Intent to Distribute under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and Title 18 U.S.C. §2; and Felon in Possession of a Firearm, under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and Title 18 U.S.C. §2. Dkt. 239, Superseding Indictment at 1-3, 5, 9-10. Mr. Young was arrested on March 28, 2018 under circumstances that show his proposed placement (living with his partner and daughter at a one bedroom residence leased by his partner) is not suitable for supervised release on conditions. During the search of his residence (where his teenage daughter, A.Y., a minor, was present during the arrest) on March 28, 2018, agents recovered a Glock model 42, .380 caliber pistol, a Springfield Armory .45 caliber pistol, a Smith & Wesson .38 Special caliber revolver, a rifle, and two 12-gage shotguns. In addition, the agents found five kilograms of heroin in the defendant's bedroom (located with firearms), a half-pound of heroin and undetermined amount of methamphetamine in the kitchen, two loaded magazines of armor piercing ammunition located inside a case that would have held an FN 57 firearm. Dkt. 348, Second Supplemental Pretrial Report, Dkt. 351, Government's exhibits for detention hearing. The FN 57 firearm was not in the case, and could not be located by the agents. In addition, more than $5000.00 in cash was found in the residence. Although the defendant has substantial ties to the community, the proposed placement does not appear to be stable or reliable in terms of regulating his ability to control his behavior at this time. The government met its burden by clear and convincing evidence that the defendant poses a danger to the community.

This finding is based on 1) the nature and circumstances of the offense(s) charged, 2) the weight of the evidence against the person; 3) the history and characteristics of the person; and 4) the nature and seriousness of the danger release would impose to any person or the community.

**Safety Reasons:**

Danger to the community as indicated by criminal history and circumstances of his arrest on the current offense, that includes repeated illegal possession of weapons, including guns and ammunition; and repeated unlawful possession of controlled substances. Although the defendant has significant ties to the community where he resides, he does not appear to be stable or reliable in terms of his ability to control his behavior. The fact that his young daughter was in his residence at the time of his arrest on March 28, 2018, along with the drugs, ammunition, and firearms that were found in the residence during the search by investigating agents, shows that he is a danger to the community and that the proposed residential placement would not ensure his compliance with conditions, regardless of the availability of GPS monitoring and other means of intensive supervision.

*Order of Detention*

- The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.
- The defendant shall be afforded reasonable opportunity for private consultation with counsel.
- The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

June 27, 2018

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge